UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


DAPHNE C. GALLOWAY, WIFE OF/AND          *         CIVIL ACTION
RICHARD C. GALLOWAY, AND
FRANCES A. GALLOWAY, AND
CYNTHIA D. GALLOWAY, WIFE OF/AND
JAMES H. GALLOWAY, JR.

versus                                   *         NO. 06-8748

STATE FARM FIRE & CASUALTY               *         SECTION "F"
COMPANY

ORDER AND REASONS

   Before  the  Court  are  two  State  Farm  motions  for  partial

summary  judgment:  (1) motion  for  partial  summary  judgment as to

claims  for  attorney's  fees  and  the  non-retroactivity  of  the  2006

amendments  to  La.R.S.  22:658;  and  (2)  motion  for  partial  summary

judgment  based  upon  prior  flood  payments  to  plaintiffs.   For  the

reasons  that  follow,  the  motion  for  partial  summary  judgment as to

the  non-retroactive  effect  of  the  2006  amendments  to  La.R.S.  22:658

is  GRANTED,  and  the  motion  for  partial  summary  judgment  based  upon

a  credit  for  prior  flood  payments  to  plaintiffs  is  DENIED.

Background

   This  is  an  insurance  dispute  arising  out  of  Hurricane  Katrina-

damaged  property.[1]

_____

        [1]  Pursuant  to  Local  Rule  56.1,  State  Farm  has  listed
facts  in  a  Statement  of  Uncontested  Material  Facts  attached  in
support  of  its  motion  for  partial  summary  judgment.   The  plaintiffs
have  not  submitted  any  statement  of  material  facts  as  to  which
there  exists  a  genuine  issue  to  be  tried  with  its  opposition

At the time of the storm, State Farm was the condominium policy insurer for four condominium units situated in two buildings owned by the Galloways, located at 124 Lakeview Drive in Slidell, Louisiana. Building 1, which consisted of two stories built on a concrete slab foundation, housed condominium Units B, C, and D. Units B, C, and D were insured under the State Farm condominium policy for $288,000. After inspecting the damaged property almost three weeks before, on October 24, 2005 State Farm paid the Galloways a total of $51,670.41 for wind damage to the second-story unit of Building 1, but denied coverage for damage to the first-floor unit after determining that the damage was caused by storm surge.

The Galloways also insured units B, C, and D in Building 1 for $185,000 under a flood policy issued by Harleysville Mutual Insurance Company of Montana. On December 23, 2005, Harleysville paid the policy limits to the plaintiffs for their flood claim.

Building 2, which was the single-story family condominium unit, housed the fourth premise, Unit A. The Galloways did not have flood insurance on Unit A; but they had coverage under their State Farm condominium policy on the building in the amount of $140,900. Building 2 was totally destroyed in the storm; all that

---

memorandum, as required by Local Rule 56.2. Accordingly, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted, for the purposes of the motion, unless controverted as required by this rule." <u>Id.</u>

was left was the concrete slab foundation.  State Farm determined that the storm surge destroyed Building 2, that the loss was excluded under the condominium policy, and that no payments were due to the plaintiffs for Building 2.

The Galloways notified State Farm of their losses on September 3, 2005, just five days after the storm struck on August 29.  According to their state court petition, a State Farm adjuster inspected the property on October 5, 2005.  One day after the October 24 check for $51,654.10 was issued for wind damage to the three-unit building, Richard Galloway called State Farm, requesting that another adjuster be assigned to the claim.[2]  State Farm agreed, and also agreed to refer the claim to an engineer.

On November 4, 2005, State Farm instructed Denson Engineers to inspect all four units regarding causation issues of wind as opposed to flood water, and issues about structural integrity.  On November 28, 2005, Denson Engineers inspected the property and issued a report dated December 8, 2005; the engineer concluded that the single-unit property (Building 2) was destroyed by storm surge and moving water, and that the damage to the first-floor of the three-unit Building 1 was also damaged by storm surge and moving water.

---

[2]  According to the plaintiffs' petition, State Farm "received more than satisfactory proof of total loss many months [before late October, when the plaintiffs received their check for $51,654.10]."

On January 27, 2006, Richard Galloway again contacted State Farm, to speak with a manager and to complain about the adjustment of the claim. According to the claims file activity log, Mr. Galloway stated that he had eyewitnesses to the fact that a tornado had come through the area; but, however, he refused to provide the names of those eyewitnesses to State Farm. On March 1, 2006, State Farm inspected the property for still a third time. State Farm then issued a denial letter to the Galloways on March 13, 2006 and the file was closed on March 15, 2006.

The next activity on the claim was almost four months later: on July 11, 2006, James Galloway called State Farm to advise that he had an engineer's report that concluded that the cause of loss was due to wind damage, not storm surge. State Farm requested the report. On August 15, 2006, plaintiffs' former counsel contacted State Farm to advise he was representing the plaintiffs.

Two weeks later, on August 29, 2006, the Galloways filed this lawsuit in state court, asserting breach of contract and seeking damages and penalties for State Farm's bad faith adjustment and underpayment of their claims made under their policies.[3] The plaintiffs assert that they are entitled to the policy limits of $288,000 for wind damage to Building 1, Units B, C, and D, and also

---

[3] The Galloways assert that the two buildings were destroyed by wind; State Farm contends that the buildings were destroyed by flood water, which is excluded under the condominium policy. It remains unclear whether the Galloways shared their engineer's report with State Farm before filing suit.

4

entitled to the policy limits of $140,900 for the wind damage done to Building 2, Unit A.  On October 19, 2006, State Farm removed the suit to this Court, invoking its diversity jurisdiction.

State Farm now seeks partial summary judgment that:  (1) the 2006 amendments to La.R.S. 22:658 do not apply retroactively, and are inapplicable to this case; and (2) any recovery at trial by plaintiffs for additional wind damage must be reduced or offset to prevent plaintiffs from recovering twice for the same loss under separate properties of insurance.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is

5

appropriate.  Id. at 249-50 (citations omitted).  Summary judgment
is also proper if the party opposing the motion fails to establish
an essential element of his case.  See Celotex Corp. v. Catrett,
477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party
must do more than simply deny the allegations raised by the moving
party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d
646, 649 (5th Cir. 1992).  Rather, he must come forward with
competent evidence, such as affidavits or depositions, to buttress
his claims.  Id.  Hearsay evidence and unsworn documents do not
qualify as competent opposing evidence.  Martin v. John W. Stone
Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in
evaluating the summary judgment motion, the Court must read the
facts in the light most favorable to the non-moving party.
Anderson, 477 U.S. at 255.

II.

A.  Retroactivity of La.R.S. 658 Amendments

State Farm first seeks partial summary judgment dismissing the
plaintiffs' claims for attorney's fees and claims for the increased
penalty under the amended version of La.R.S. 22:658.  State Farm
submits summary judgment is proper because, as a matter of law, the
2006 amendments to La.R.S. 22:658 do not apply to this case.  The
Court agrees.

Sections 22:658 and 22:1220 of the Louisiana Civil Code
provide for statutory penalties when an insurer refuses, in bad

faith, to pay a claim.  In June 2006, the Louisiana legislature amended Section 658 by increasing the penalty from twenty-five percent to fifty percent of the amount a claimant is owed, and also by adding a provision for reasonable attorneys' fees and costs. The changes went into effect on August 15, 2006, and, according to a recent state high court decision, are not applied retroactively to bad faith conduct occurring before its effective date.  See, Sher v. Lafayette Ins. Co., --- So.2d ---, 2008 WL 928486, at *5 (La. 4/8/08) ("The amendment is unquestionably substantive, and as such cannot be applied retroactively");[4] see also e.g., Henry v. Allstate Ins. Co., No. 07-1738, 2008 WL 821964, at *1 (E.D. La. March 26, 2008); Taylor v. State Farm, No. 06-2609, 2008 WL 553173, at *2 (E.D. La. Feb. 27, 2008); Ferguson v. State Farm Ins.

---

[4]   The Louisiana Supreme Court also rejected the plaintiff's argument that it should investigate the legislative history of a statute or amendment to determine whether it should be applied retroactively:

> [N]either Article 6 nor our prior jurisprudence indicate that the legislative history is a legitimate indicator of legislative intent when the retroactivity of a statute in question.  Even if it were, however, the legislative history of the amendment to R.S. 22:658 fails to clearly articulate the legislator's intent as to retroactivity.

Id. At *6.  The Court agrees with the Louisiana Supreme Court's analysis and reasoning and likewise rejects the plaintiffs' argument that it resort to legislative history, which is often the result of self-selection by elected officials and less concerned with legislative purpose.

7

<u>Co.</u>, 2007 WL 1378507 (E.D. La. 2007); <u>Empire Inn, LLC v. State Farm Fire and Cas. Co.</u>, 2007 WL 2751203 (E.D. La. 2007); <u>Weiss v. Allstate Ins. Co.</u>, 2007 WL 1017341 (E.D. La. 2007).

State Farm contends that, because the plaintiffs' bad faith claim under Section 22:658 arose before the 2006 amendment, their potential recovery is limited to the 25 percent penalty and no attorneys' fees.  To the extent the plaintiffs rely on a theory of ongoing liability, as opposed to retroactivity, that argument is equally unpersuasive and has previously been rejected by this Court (<u>see</u> <u>Henry v. Allstate Ins. Co.</u>, No. 07-1738, 2008 WL 821964, at *1 (E.D. La. March 26, 2008); <u>Taylor v. State Farm</u>, No. 06-2609, 2008 WL 553173, at *2 (E.D. La. Feb. 27, 2008); <u>Paulsen v. State Farm Ins. Co.</u>, 2008 WL 239785 *2 (E.D. La. 2008); <u>McKenney v. Allstate Ins. Co.</u>, 2007 WL 1139601 *1 (E.D. La. 2007); <u>Empire Inn, LLC v. State Farm Fire & Cas. Co.</u>, 2007 WL 2751203 *4 (E.D. La. 2007)), and even more recently by the Louisiana Supreme Court.  <u>See</u> <u>Sher</u>, 2008 WL 928486, at *5 ("[p]laintiff's argument that [the defendant's] continuing breach of the duty of good faith and fair dealing made it subject to the increased penalties contained in the amended version of R.S. 22:658 is without merit").  State law is now settled.

The plaintiffs' loose references to State Farm's "post amendment failures" are insufficient to create genuine issues of material fact on the issue of the plaintiffs' right to recover

under the amended version of Section 658 as a matter of state law.

It is clear that plaintiffs made at least three claims to State Farm asserting coverage for damages before August 1, 2006. An insured's cause of action -- and, therefore, the right to recover under Section 22:658 -- comes into existence when and if the insurer fails to pay thirty days after receiving satisfactory proof of loss. See id. at *5-6; see also Best v. State Farm Fire and Cas. Co., 969 So. 2d 671 (La. App. 4th Cir. 2007); Taylor, No. 06-2609, 2008 WL 553173, at *2. Plaintiffs concede in their state court petition that State Farm was provided with satisfactory proof of loss "many months" before they filed suit on August 29, 2006, and well before the amendments to Section 658 became effective:

> VII.
> After the hurricane, petitioners contacted State Farm Fire and Casualty Company to file a claim....
> VIII.
> Petitioners were subsequently provided with claim number 18-R810-975...and after multiple attempts a loss property inspection was performed by an adjuster working for defendant. **The adjuster arrived a petitioners' destroyed property on or about October 5, 2005.** The adjuster saw that the condominiums were totally destroyed. **Defendant received more than satisfactory proof of total loss many months ago.** Despite this, defendant only issued a check to petitioners for the sum of $51,654.10. Defendant failed to timely adjust and pay this claim....

Plaintiffs' State Court Petition (emphasis added).

There is no dispute that the plaintiffs provided State Farm

9

with a satisfactory proof of loss, or that the adjustment process began in October and continued at the plaintiffs' insistence in November 2005, and even into March 2006 when State Farm inspected the property for a third time -- as much as 5 to 10 months before the amendments to Section 658 became effective on August 15, 2006.

B.   The Limits of Recovery:   Flood Payments

State Farm also seeks summary judgment that it should get credit for the flood payment to the Galloways.

As this Court has previously noted, nothing bars the Galloways from collecting under their homeowners policy for wind damage and from collecting under their flood policy for flood damage if they can segregate and prove the two types of damages. See Deslonde v. Allstate Ins. Co., No. 07-4314, 2008 WL 440417, at *3 (E.D. La. Feb. 13, 2008); see also Wellmeyer v. Allstate Ins. Co., No. 06-1585, 2007 WL 1235042, at *2 (E.D. La. April 26, 2007).

As this and other Sections of this Court have acknowledged, this general principle, of course, is subject to a limitation: A plaintiff whose property sustains damage from both flood and wind may clearly recover for his segregable wind and flood damages, except to the extent that he seeks to recover twice for the same loss. See id.; see also Weiss v. Allstate Ins. Co., No. 06-3774, 2007 WL 891869, at *1 (E.D. La. Mar. 21, 2007) (Vance, J.); Broussard v. State Farm Fire and Casualty Co., No. 06-8084, 2007 WL 2264535, at *2-3 (E.D. La. Aug. 2, 2007) (Vance, J.).   This is

10

well-established.  See Cole v. Celotex Corp., 599 So.2d 1058, 1080 (La. 1992) ("As a general rule, the claimant may recover under all available coverages provided there is no double recovery").

State Farm seeks to limit the Galloways' recovery under their condominium policy for Building 1.  State Farm contends that the Galloways, having received the policy limits for their flood claim, cannot now contend that the condominium units were completely destroyed by wind.[5]  State Farm insists that "the amount of any total loss proven by Plaintiffs as to Building #1 should be reduced by 42 percent because the Galloways accepted payment under the flood policy that represented over 42 percent of the damage to Building 1 "based on its cash value."  (State Farm bases this on the NFIP Final Report.  The plaintiffs accepted $185,400 under the flood policy for flood damage to the building, which, according to the report, had an estimated replacement cost of $468,916 and an estimated cash value of $431,403).

Partial summary judgment is inappropriate on this record.  As noted, the Galloways will not be permitted to recover twice for a

---

[5] In their opposition brief, the plaintiffs insist that they are not seeking a double recovery.  They appear to suggest that their property was damaged by a combination of wind (tornado) and water.  If indeed the plaintiffs' property was worth more than its insured value, as even State Farm seems to concede in its submission, the Court notes, "[t]hat [the plaintiffs] seek the full limits of their homeowners policy does not necessarily equate to a claim based on a total loss."  See Broussard v. State Farm Fire and Casualty Co., No. 06-8084, 2007 WL 2264535, at *4 (E.D. La. Aug. 2, 2007) (Vance, J.).

single loss.  But State Farm's argument in support of limiting the plaintiffs' recovery at this stage in the litigation is based at least in part on its assertion that the cash value of the house is the correct baseline standard.  The plaintiff disputes this, and suggests the post-storm replacement value should be the measure.

     As another Section of this Court has noted, and this Court agrees, "no policy provision or legal principle prevents plaintiffs from recovering for previously uncompensated, covered damage, without reference to the amount received under their flood policy, so long as the combined recovery does not exceed the value of the property." Broussard v. State Farm Fire and Casualty Co., No. 06-8084, 2007 WL 2264535, at *4 (E.D. La. Aug. 2, 2007) (Vance, J.) (citing Weiss v. Allstate Ins. Co., 2007 WL 891869, at *3 (E.D. La. Mar. 21, 2007).  On this record, State Farm has not shown that it is entitled to judgment as a matter of law that the plaintiffs' recovery is limited to a certain value, or percentage of a value. The value of Building #1 (and whether the actual value or replacement cost value is the relevant starting point), as well as the apportionment of damage to wind, water, or a combination of both, are material fact disputes.

     Accordingly, State Farm's motion for partial summary judgment as to claims for attorneys' fees and the non-retroactive effect of 2006 amendments to La.R.S. 22:658 is GRANTED, and its motion partial summary judgment based upon prior flood payments to

plaintiffs is DENIED.

New Orleans, Louisiana, April 9, 2008.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE