UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
DAPHNE C. GALLOWAY, WIFE OF/AND           *       CIVIL ACTION
RICHARD C. GALLOWAY, AND
FRANCES A. GALLOWAY, AND
CYNTHIA D. GALLOWAY, WIFE OF/AND
JAMES H. GALLOWAY, JR.


versus                                    *       NO. 06-8748


STATE FARM FIRE & CASUALTY                *       SECTION "F"
COMPANY
```

<u>ORDER AND REASONS</u>

Before the Court is State Farm's motion to strike plaintiffs' witnesses and exhibits at trial and for sanctions pursuant to FRCP 37. Pursuant to this Court's April 11, 2008, plaintiffs' counsel submitted a written explanation as to why discovery was not supplemented before submission of witness and exhibit lists. For the reasons that follow, the motion to strike is DENIED without prejudice.

<u>Background</u>

This is an insurance dispute regarding hurricane damaged property. Pursuant to this Court's scheduling order issued July 19, 2007, the pretrial conference in this matter is set for May 7, 2008 and a jury trial is set for May 19, 2008. The scheduling

1

order provides deadlines for discovery and exchange of expert reports, as well as witness and exhibit lists.  Both parties filed timely witness and exhibit lists with the Court.  State Farm urges the Court to strike more than 20 witnesses and exhibits listed in the plaintiffs' witness and exhibit lists.  State Farm insists that plaintiffs failed to disclose these witnesses and exhibits during the course of discovery, despite requests from State Farm and that, in any event, many of the witnesses and exhibits are irrelevant to the Galloways' suit against State Farm.

I.

The Federal Rules impose obligations on the parties to a lawsuit to exchange initial disclosures and general discovery. Fed.R.Civ.P. 26.  Implicit in the Rules is the duty of professionalism, of self-respect, and respect for our system of justice, and basic civility.  The duty to exchange information is, as all well-know, ongoing; the parties are required to supplement or correct disclosures or discovery responses "if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed.R.Civ.P. 26(e).

If the parties, through their counsel, fail to fulfill their obligations imposed by the Federal Rules, the Court may, will, and has, imposed appropriate sanctions.  Federal Rule of Civil

Procedure 37(c)(1) provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial...any witness or information not disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions....

## II.

State Farm contends that none of the more than 20 objectionable witnesses or exhibits were disclosed to State Farm during discovery, and that plaintiffs have therefore violated their obligation to supplement discovery responses. State Farm urges the Court to sanction the plaintiffs by either striking the witnesses and exhibits, or continuing the trial so that it has time to engage in further discovery on these witnesses and exhibits. The Court notes that there is no request by either side for additional time to complete discovery. It is undisputed that the defendant did not file a motion to compel supplemental discovery responses, although requests to do so were made by counsel.

State Farm seeks to strike more than 20 witnesses and exhibits. In addition to moving to strike witnesses and exhibits because plaintiffs' counsel failed to disclose them during the

discovery process,[1] State Farm also requests that the Court strike many of the witnesses[2] and exhibits[3] on the ground that they are irrelevant to this case.  As the Court already noted in its April 11 Order and Reasons, it is premature for the Court to consider relevancy as a basis for striking the proposed witnesses and exhibits.  State Farm may re-urge this contention in a pretrial motion in limine in advance of trial.

It is undisputed that plaintiffs have failed to supplement their disclosures and discovery responses.  But plaintiffs say that they only recently discovered the objectionable witnesses and exhibits.

---

[1] When State Farm at times requested disclosure of these witnesses and exhibits during the course of discovery, plaintiffs' counsel objected to the request as premature and responded that plaintiffs would file their witness and exhibit lists in compliance with the Court's scheduling order (and then plaintiffs nevertheless listed some witnesses and exhibits notwithstanding their objections).

[2] For example, State Farm requests the Court to strike a listed expert because he is an expert in another insurance case for another plaintiff from the same neighborhood, or the listed fact witness is a neighbor of Galloways', or is an adjuster that had nothing to do with the Galloways' claim.

[3] State Farm objects to the listing of various claims files for plaintiffs in other State Farm lawsuits; it says the Galloways have not provided those files to it and that claims files as to other properties are irrelevant.  To the extent the plaintiffs have not provided the documents listed in their exhibit list, plaintiffs' counsel suggests that State Farm has access to these documents.

State Farm provides the Court with correspondence between its counsel and plaintiffs' counsel.  For example, in January 2007, State Farm requested that plaintiffs identify all fact and expert witnesses they planned to call at trial, and to identify each exhibit the plaintiffs planned to introduce at trial.  On May 7, 2007, the plaintiffs answered the interrogatories by objecting to the interrogatories as premature and stating that plaintiffs would file a witness and exhibit list as provided by the Court's scheduling order.  Nonetheless, without waiving the objection, the plaintiffs listed themselves and unnamed State Farm adjusters as potential witnesses, as well as listing various exhibits described generically, such as "all documents produced in future discovery."  Also, on December 7, 2007, counsel for State Farm wrote the Galloways' counsel to confirm deposition schedules and also noted that (1) the plaintiffs had only identified William Foster (engineer) and Steve Hitchcock (public adjuster) as experts; and (2) plaintiffs had said they had eyewitnesses to and videos of the storm but no names of witnesses or videos had been provided to State Farm.  Plaintiffs failed to submit responsive information until late February 2008 when their witness and exhibit lists were filed.

According to plaintiffs' counsel, however, it was not for more than a month or two after State Farm's December 2007 letter (and therefore shortly before plaintiffs filed their witness and exhibit

lists with the Court on February 25, 2008) that the plaintiffs discovered the requested information. Plaintiffs' counsel has stated, under oath, that:

> in late January and early February 2008[,] plaintiff's trial counsel determined that [the Galloways' claim and two other claims against State Farm] are in close geographic proximity and that they share[] common allegations of severe tornado and wind damage....[4] Once the potential connection between these three cases were made, plaintiffs trial counsel immediately drafted and forwarded the plaintiffs' Witness and Exhibit list nearly two weeks before any deadline.

Plaintiffs' counsel further states that State Farm has now either taken, or noticed, the depositions of all of the witnesses named on plaintiffs' witness list, and has been provided with the identified exhibits. Accordingly, plaintiffs' counsel insists that, even if the Court finds that plaintiffs were a few weeks tardy in supplementing discovery, State Farm has not been prejudiced.

The Court finds that -- even if the plaintiffs' counsel were tardy in supplementing discovery -- the plaintiffs themselves should not suffer the draconian sanction of striking witnesses and

---

[4] The plaintiffs' counsel has included expert witnesses and exhibits regarding other hurricane claims in the same neighborhood. State Farm objects to such evidence based on relevance. The plaintiffs assert that the close proximity of these neighboring houses shows that the Galloways' property was destroyed by a tornado and that State Farm should not be permitted to isolate claims and to "bury [this information] so that the commonality of these claims would be hidden."

exhibits when State Farm has never filed a motion to compel, nor has it shown that it has been prejudiced.  The Court notes that State Farm may re-urge its challenge to the relevancy of any proposed witnesses or exhibits if it is appropriate.

Accordingly, State Farm's motion to strike is DENIED without prejudice.

New Orleans, Louisiana, April 23, 2008.

_____
MARTIN C. C. FELDMAN
UNITED STATES DISTRICT JUDGE